# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JACQUELINE T. GORDON**, <br><br> **Plaintiff,** <br><br> v. <br><br> **JANET NAPOLITANO,** <br><br> **Defendant.** | Civil Action No. 09-2211 (JEB) |

## MEMORANDUM OPINION AND ORDER

Defendant Janet Napolitano seeks the dismissal of – or, alternatively, summary judgment on – Plaintiff Jacqueline Gordon's 2009 employment discrimination lawsuit. Plaintiff argues that dismissal is inappropriate because she has properly exhausted administrative remedies, and summary judgment is premature before she has had a chance to conduct discovery. The Court, for the most part, agrees.[1]

**I.      Factual and Procedural Background**

This suit arises out of an employment dispute between the parties. Plaintiff was at all relevant times employed by the Federal Emergency Management Agency (FEMA), a component

---

[1] In considering this Motion, the Court has reviewed Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment, Plaintiff's Opposition thereto and Memorandum in Support of its Motion for Rule 56(f) Relief, and Defendant's Reply.

of the Department of Homeland Security, headed by Defendant. Plaintiff continues to work at FEMA today.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission in September 2004, alleging discrimination based on gender, race, color, and age, as well as reprisal. She now alleges that this original EEOC complaint triggered retaliatory conduct and the creation of a hostile work environment. This led to her second contact with the EEOC, in January 2007, and her subsequent complaint before that administrative body in May 2007. The matter was resolved in Defendant's favor, and Plaintiff received a Notice of Right to Sue. Plaintiff then brought this action in November 2009, setting forth two counts: retaliation and hostile work environment.

Defendant now seeks to dismiss the suit under Rule 12(b)(6), as failing to state a claim upon which relief can be granted, or, alternatively, on summary judgment under Rule 56.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in the plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993). The notice pleading rules are "not meant to impose a great burden on a plaintiff." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff

2

must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss under Rule 12(b)(6) must rely solely on matters within the complaint, see FED. R. CIV. P. 12(d), which includes statements adopted by reference as well as copies of written instruments joined as exhibits. FED. R. CIV. P. 10(c).  Where the Court must consider "matters outside the pleadings" to reach its conclusion, a motion to dismiss "must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d); see also Yates v. District of Columbia, 324 F.3d 724, 725 (D.C. Cir. 2003).

**III.    Analysis**

　　A.  Failure to Exhaust Administrative Remedies

Defendant seeks to dismiss the Amended Complaint in whole, or at least in part, on the ground that Plaintiff has not exhausted the appropriate administrative remedies.  Mot. at 10. Defendant is correct that exhaustion is a prerequisite to bringing an action under Title VII.  See Steele v. Schafer, 535 F.3d 689, 693 (D.C. Cir. 2008) ("'Because timely exhaustion of administrative remedies is a prerequisite to a Title VII action against the federal government,' a court may not consider a discrimination claim that has not been exhausted in this manner absent a basis for equitable tolling.") (quoting Stewart v. Ashcroft, 352 F.3d 422, 426 (D.C.Cir.2003)). In this case, federal law mandates that Plaintiff report alleged discriminatory actions to the EEOC within 45 days.  Id. ("An employee of the federal government who believes that she has been the subject of unlawful discrimination must 'initiate contact' with an EEO Counselor in her

3

agency 'within 45 days of the date of the matter alleged to be discriminatory.'") (quoting 29 CFR § 1614.105(a)(1)).

The Supreme Court, however, has distinguished between discrete and ongoing discriminatory acts for the purpose of this exhaustion requirement. On the one hand, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the [45]-day time period after the discrete discriminatory act occurred." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). On the other hand, ongoing discriminatory acts, such as those of hostile work environment, "are different in kind from discrete acts [because t]heir very nature involves repeated conduct." Id. at 115. In examining the exhaustion requirement, thus, the Court must analyze Plaintiff's claims to determine whether they fall into the category of discrete or ongoing discriminatory acts.

### 1. Count I – Retaliation

In paragraphs 10-17 of her Amended Complaint, Plaintiff alleges everything from the receipt of a harassing note from a supervisor in late 2004 to a dispute with a contractor in February 2007. Am. Comp. ¶¶ 10(a), 16(e). For the retaliation count, each of these "constitutes a separate actionable unlawful employment practice," Morgan at 114 (internal quotations omitted), and should have been individually submitted to the EEOC. This is because each incident was of a different kind from the others, was perpetrated over the course of several years, see Jacqueline T. Gordon, EEOC Decision No. 570-2008-00238X at 8 n.6 (2009) (appended to Plaintiff's original Complaint and incorporated in Amended Complaint ¶ 1) [hereinafter "EEOC Decision"], and involved different employees. Compare Jones v. Bernanke, 685 F. Supp. 2d 31,

36-38 (D.D.C. 2010) (holding that latest negative employment action taken by employer need not be dismissed as unexhausted because it was part of ongoing pattern of negative performance reviews), with Thomas v. Vilsack, 718 F. Supp. 2d 106, 121 (D.D.C. 2010) (finding that exhaustion was required because removal of duties was not "of a like kind" with failure-to-promote claim previously brought before EEOC), and Nurriddin v. Goldin, 382 F. Supp. 2d 79, 108 (D.D.C. 2005) (concluding that seven incidents over the course of five years "indicates less a pervasive pattern of harassment, and more just isolated employment incidents occurring over a long period of time").

Plaintiff does not put forth any argument in favor of her summary proposition that she "properly pleaded her exhaustion of administrative remedies," Opp. at 12, nor does she argue that these are ongoing acts under Morgan. On the contrary, she seems to concede that at least some of her retaliation claims are procedurally barred. See id. ("The allegedly 'untimely allegations' that are contained within the First Amended Complaint were properly pleaded *at the very least* in support of Ms. Gordon's hostile work environment claims.") (emphasis in original).

Since Plaintiff first contacted an EEO Counselor about retaliation on January 25, 2007, Am. Comp. ¶ 30, any discrete employment conduct occurring before December 11, 2006 – *i.e.*, 45 days earlier – would be deemed unexhausted and thus procedurally barred. Similarly, any conduct that was not mentioned in her May 2007 EEOC complaint – which forms the basis of this action – would also be unexhausted. See Johnson-Parks v. D.C. Chartered Health Plan, 713 F. Supp. 2d 39, 47 (D.D.C. 2010) ("Because the retaliation claim pled in the amended complaint is not the one that was alleged in the underlying administrative charges, it is barred for failure to exhaust.").

5

Plaintiff submitted only five purportedly discriminatory acts to the EEOC in May 2007: (1) her meeting with Patricia English on January 18, 2006; (2) her return from medical leave on August 21, 2006; the overtime disputes from (3) October 16 and (4) December 19, 2006; and (5) the February 6, 2007, confrontation with Eddy Cherris. See EEOC Decision at 2-3. These claims are presented in the Amended Complaint at ¶¶13(d), 14-15, 16(b), (e), and 17. Of these, only the last overtime dispute (¶ 16(b)) and the confrontation with the contractor (¶¶ 16(e) and 17) were within the 45-day window as required by federal law. As a result, all of the other alleged incidents of retaliation have not been administratively exhausted and thus cannot survive.[2]

The Motion will therefore be granted in favor of Defendant on Count I as to the claims raised in ¶¶ 10-15, 16(a), and (c)-(d). Though not admissible as actual acts of retaliation, these procedurally barred events may nonetheless "constitute relevant background evidence" in this proceeding since the Plaintiff did timely bring some alleged retaliation claims to the EEOC. United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977), cited in Morgan, 536 U.S. at 107.

2. *Count II – Hostile Work Environment*

The Supreme Court has carved out an exception to this exhaustion requirement for hostile work environment claims, which by "[t]heir very nature involve[] repeated conduct." Morgan, 536 U.S. at 115. In hostile work environment litigation, "[i]t does not matter, for purposes of [Title VII], that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the

---

[2] Even though it survives, there is also a problem with the confrontation claim. The date of the confrontation presented to the EEOC was February 18, 2007, EEOC Opp. ¶ 8, whereas the Amended Complaint lists the date as February 6, 2007. Am. Comp. ¶ 16(e).

purposes of determining liability." Id. at 117.  For Count II, therefore, the Court will not dismiss for failure to exhaust any incidents listed by Plaintiff in her Amended Complaint.

        B.  Substance of Claims

Defendant also petitions this Court to grant her motion to dismiss or, alternatively, for summary judgment based on her contention that Plaintiff has not sufficiently made out a claim for retaliation or hostile work environment.  It is not necessary to convert the Motion to Dismiss into one for summary judgment in order for the Court to consider certain briefs submitted to the EEOC and that agency's decision.  This is because these were incorporated through the Original and Amended Complaints.  See FED. R. CIV. P. 10(c).

        *1.  Retaliation*

Defendant argues that Count I should be dismissed because Plaintiff has failed to sufficiently plead that the retaliation is both linked to the initial EEOC complaint and sufficiently actionable.  Mot. at 11.  Defendant first points to the "year and a half [that] elapsed" between Plaintiff's first EEOC complaint and the first alleged retaliation, id. at 13, as proof that the nexus between the two is too remote.  This is inconsistent with the information provided in the Amended Complaint, however.  Though few specific dates are to be found in that document, Plaintiff does reference acts taking place in November and December 2004 – only two or three months after her original EEOC complaint.  Am. Comp. ¶¶ 11, 12.  Though these specific claims are procedurally barred as unexhausted, Plaintiff could use them to create a nexus between her original EEOC complaint and the properly pleaded retaliation claims that have survived this Motion.  See United Air Lines, Inc., 431 U.S. at 558.

Defendant next contends that "[o]bjectively, the majority of Plaintiff's claims are not enough to support a claim of retaliation."  Reply at 4.  Plaintiff's surviving retaliation claims are:

7

(1) the overtime dispute of December 19, 2006, and (2) the February 6, 2007, confrontation with Eddy Cherris. These claims are certainly thin and may well not survive a future summary judgment motion. Nevertheless, to dismiss them or convert this into a motion for summary judgment is premature at this time because Plaintiff has not had the benefit of any discovery to bolster her claims. See McWay v. LaHood, 269 F.R.D. 35, 37-38 (D.D.C. 2010) ("[T]he D.C. Circuit has directed that because it is difficult for a plaintiff to establish proof of discrimination, the court should view [pre-discovery] summary-judgment motions . . . with special caution.") (citing Aka v. Washington Hosp. Ctr., 116 F.3d 876, 879-80 (D.C.Cir.1997), overturned on other grounds); see also Twombly, 555 U.S. at 589 ("[A]t the motion to dismiss stage, a judge assumes that all the allegations in the complaint are true (even if doubtful in fact).") (internal quotation omitted). For these reasons, the Court declines to grant Defendant's Motion to Dismiss what remains of Plaintiff's retaliation claim.

### 2. *Hostile Work Environment*

Defendant also argues that Plaintiff cannot establish her hostile work environment claim because the retaliatory actions were not "sufficiently severe or pervasive to constitute" such a claim. Mot. at 16. In response, Plaintiff has filed a Rule 56(d) Motion requesting discovery before the Court considers the propriety of Defendant's summary judgment motion. In determining whether an actionable hostile work environment claim has been set out, courts must consider "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993). Given Plaintiff's multiple allegations, the preliminary posture of the case, and the lack of any discovery, the Court believes it would be unduly hasty to

award summary judgment at this juncture. See FED. R. CIV. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

## IV. Conclusion

The Court, accordingly, ORDERS that:

1. Defendant's Motion is GRANTED IN PART and DENIED IN PART;

2. The claims set out in paragraphs 10-15, 16(a), and (c)-(d) are DISMISSED as they relate to Count I; and

3. Defendant shall file her answer to the remaining claims on or before May 23, 2011.

**SO ORDERED**.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 9, 2011